In the matter of EDWARD PHILIPS, jun. an insolvent debtor.

The omission of judgment creditors, on signing a petition for the discharge of an insolvent debtor, to add to their signatures a declaration that they relinquish their judgments to the assignee to be appointed, does not deprive the judge of jurisdiction; but is a mere irregularity, which can be cured by attaching such relinquishments to the petition, afterwards.

CERTIORARI to remove proceedings for the discharge of an insolvent debtor.

SUTHERLAND, J.   The *certiorari* in this case brings up for review only questions of jurisdiction, of regularity, and of law.   (*Morewood* v. *Hollister*, 2 *Seld.* 309.)

The only question presented by the return appears to be one of jurisdiction.   Certain of the petitioning creditors were judgment creditors, and did not, at the time of signing the petition, add to their signatures a declaration that they relinquished such judgments to the assignee to be appointed, though such relinquishments were subsequently, and before any further proceedings by the judge, obtained and attached to the petition.   If the omission of these judgment creditors at the time of signing the petition was a mere irregularity, it was thus cured.   *The Russell and Erwin Manu. Co.* v. *Armstrong*, (12 *Abb.* 472,) is a decision of the general term of this district, to the effect that this omission did not deprive the judge of jurisdiction, but was a mere irregularity.

The proceedings should be affirmed, with costs.

LEONARD, J.   In the case of *Hurst*, (7 *Wend.* 240,) an amendment was allowed, specifying the consideration of several debts which had been omitted by the insolvent in the account of his creditors.

The amendment was held to be an answer to the objection that the original account was defective in this respect.

The amendment allowed in the case of Philips appears to be of a similar character.

The amendment in the present case, as in that of Hurst, cured an irregularity in a point not material to give the judge below jurisdiction over the case in its inception. Otherwise the amendment would have been within the principle decided in *Small* v. *Wheaton,* (4 *E. D. Smith,* 427.)

I concur with Judge Sutherland's conclusion. .

GEO. G. BARNARD, J. also concurred.

Proceedings affirmed.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Geo. G. Barnard* and *Sutherland,* Justices.]